IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ASSEFA GABREL EGZIABHER, JR. PLAINTIFF

v. Civil No. 5:26-cv-05172-CDC

SHERIFF HOLLOWAY; DOE BENTON COUNTY DETENTION CENTER BOOKING STAFF; and DOE BENTON COUNTY DETENTION CENTER TRANSPORT STAFF DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B), the case will automatically be reassigned to a United States District Judge and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). For the reasons given below, the undersigned recommends that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

Plaintiff Assefa Gabrel Egziabher was incarcerated at the Benton County Detention Center ("BCDC") in Bentonville, Arkansas, when he brought this action. *See* ECF No. 1. His Complaint brings two separate counts, though both appear to be substantively identical. *See id.* at 4–6. He alleges that at some point after he was booked into BCDC, all the property he had on him when he was taken into custody was lost or destroyed by either the transport staff or booking staff of that facility. *See id.* This property included Plaintiff's clothes, jewelry, and wallet, as well as his state

ID card, social security card, Medicaid card, and bank cards. *See id.* Plaintiff contends this violates his Fourth Amendment right to be free from unreasonable searches and seizures, and also amounts to excessive bail and false imprisonment because he is unable to bond out without access to his bank cards, *see id.* at 4–6, 9; though it should be noted that subsequently Plaintiff was in fact able to successfully bond out, *see* ECF No. 8 (providing this Court notice of Plaintiff's new free-world address); *see also State v. Egziabher* Case No. 04CR-26-422 (Benton Cnty. Cir. Ct.), Surety Bond filed on July 30, 2026. As relief, Plaintiff seeks compensatory damages. *See* ECF No. 1, p. 9.

## II. LEGAL STANDARD

Under § 1915(e)(2)(B), when a plaintiff is proceeding *in forma pauperis*, the Court is obligated to dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978). To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). However, the United States Supreme Court has held that neither the negligent nor intentional, random, or unauthorized deprivations of property under color of state law are actionable under Section 1983 where a plaintiff has an adequate post-deprivation remedy under state law. *See Hudson v. Palmer*, 468 U.S. 517, 533–34 (1984). Arkansas law recognizes a cause of action for conversion when property is wrongfully taken from its owner. *Elliot v. Hurst*, 307 Ark. 134, 138, 817 S.W.2d 877, 880 (1991). And the Eighth Circuit has long held that this constitutes an adequate post-deprivation remedy. *See, e.g.*, *Bausley v. Dugan*, 110 Fed. App'x 736, 2004 WL 2291373, at *1 (8th Cir. Oct. 13, 2004). Thus, Plaintiff has an adequate state law remedy, in an action for conversion. Accordingly, his Complaint fails to state a claim for relief under 42 U.S.C. § 1983.

## IV. CONCLUSION

Therefore, for the reasons and upon the authorities discussed above, it is RECOMMENDED that:

(1) The case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and,

(3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **1st day of September 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE